IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRILEY MCLAURIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00044-O-BP |
| | § | |
| OFFICE OF THE ATTORNEY | § | |
| GENERAL, CHILD SUPPORT | § | |
| DIVISION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Dismiss (ECF No. 6) and Brief in Support (ECF No. 7), filed on March 4, 2019. After Plaintiff failed to respond to Defendant's Motion, the Court granted Plaintiff an extended deadline to respond if she wished to pursue any claims against the Defendant. ECF No. 9. As of the date of this Findings, Conclusions, and Recommendation, Plaintiff has not filed a response to Defendant's Motion.

Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Mark Pittman GRANT Defendant's Motion to Dismiss (ECF No. 6) and DISMISS Plaintiff's claims without prejudice unless Plaintiff files an amended complaint within the 14 days allotted for objections to this Findings, Conclusions, and Recommendation.

I.  BACKGROUND

Plaintiff Briley McLaurin brought this action against Defendant Office of the Attorney General of Texas ("the OAG") for violating her "various constitutional rights under color of law." ECF No. 1 at 1. Plaintiff further alleged that Defendant "conspired against [her] to take [her] rights

1

away, and have done so under duress and fraud." *Id.* at 1. Thereafter, Defendant filed a Motion to Dismiss (ECF No. 6), asserting that dismissal of Plaintiff's claim is warranted pursuant to the doctrine of sovereign immunity under the Eleventh Amendment and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.  LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* "The district court may dismiss for lack of subject matter

jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "If sufficient, those allegations alone provide jurisdiction." *Paterson*, 644 F.2d at 523. "When evidence is presented with the motion to dismiss, the attack is 'factual' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Lowe*, 972 F. Supp. 2d at 953 (quoting *Williamson*, 645 F.2d at 413). Here, Defendant did not present evidence together with its Rule 12(b)(1) motion, thus presenting a facial attack on subject matter jurisdiction not requiring resolution of matters outside of the pleadings on this issue. *See id.*

### III. ANALYSIS

Under the Eleventh Amendment, states may not be sued in federal court unless they unequivocally consent to suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). Eleventh Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101.

Defendant seeks dismissal under Rule 12(b)(1) because it is an agency of the state of Texas that does not have the power to sue or be sued. It asserts that the state of Texas has neither consented nor waived immunity to the suit. ECF No. 7 at 3. Plaintiff has not alleged or otherwise shown that the state of Texas has waived Defendant's sovereign immunity as to the claims asserted

in her Complaint. In the absence of such a waiver as to the governmental agency named as defendant, the Court lacks subject-matter jurisdiction over Plaintiff's claims, and this case should be dismissed under Rule 12(b)(1). "Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). Accordingly, Plaintiff's claims should be dismissed without prejudice. The undersigned does not address the Rule 12(b)(6) aspect of Defendants' Motion, as the Court lacks subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

## IV. OPPORTUNITY TO AMEND

Courts may dismiss an action with prejudice without giving the plaintiff an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995). Here, Plaintiff has not filed a response to Defendant's Motion despite the Court Order extending her time to do so. Additionally, Plaintiff has had ample opportunity to amend her complaint. However, Defendant has not specifically noted Plaintiff's failure to respond. Therefore, Plaintiff should be accorded an opportunity to amend her Complaint to allege sufficient facts to state a claim.

## V. CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that United States District Judge Mark Pittman **GRANT** Defendant's Motion to Dismiss (ECF No. 6), and **DISMISS** this action **without prejudice**, unless Plaintiff files an amended complaint within the 14 days allotted for objections to this Findings, Conclusions, and Recommendation.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties

in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on August 30, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE